### FLURSCHEIM et al. v. ROSENTHAL.

(Supreme Court, Appellate Term. November 24, 1908.)

HUSBAND AND WIFE (§ 83*)—NECESSARIES—WIFE'S LIABILITY.

While a husband's common-law duty to support his wife has not been changed by statute, and he is presumptively and primarily liable for necessaries furnished, she is nevertheless authorized by the domestic relations law (Laws 1896, p. 215, c. 272) to bind herself therefor by express contract.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 325; Dec. Dig. § 83.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Herman A. Flurscheim and another against Sadie Rosenthal. Judgment for plaintiffs, and defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN· and SEABURY, JJ.

Engel Bros., for appellant.

Edgar N. Dollin, for respondents.

MacLEAN, J. In this action to recover for goods sold and delivered, the defendant conceding the amount claimed and delivery of the goods at the residence of the defendant and the defendant's husband upon her order, judgment was rendered in favor of the plaintiffs. The defendant claimed that the goods were necessaries for which she as wife, living with her husband, was not liable. While the common-law duty of a husband to support has not been changed by statute and his is presumptively and primarily the liability for necessaries furnished, unless the wife expressly contracts therefor, her ability to contract has been enlarged. Domestic Relations Law (chapter 272, p. 215, Laws 1896). Whether the defendant herein expressly contracted for the goods in question was a fact to be determined, and determined as it has been upon evidence tending to prove that she did so contract, which this court will not be warranted in disturbing, this judgment must be affirmed.

Judgment affirmed, with costs to the respondent. All concur.